Felipe D. Hueso, Esq. SBN 147904
LAW OFFICES OF FELIPE D. HUESO
A PROFESSIONAL LAW CORPORATION
2496 "E" Street
San Diego, California 92102
Tel. (619) 231-5717
Fax (619) 231-5777

Attorney for Defendant Edwin Alvarado-Escalante

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>EDWIN ALVARADO-ESCALANTE,<br>Defendants, | Case No. 08cr0763-BTM<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY<br><br>DATE: 5/23/08<br>TIME: 2:00 p.m. |

I

STATEMENTS OF FACT

Edwin Alvarado-Escalante was removed from the United States of America on December 11, 2006 pursuant to section 241(a)(5) of the Immigration and Nationality Act and 8 CFR 241.8. On or about December 14, 2007, Mr. Alvarado-Escalante re-entered the United States of America at or near San Ysidro, California.

II

POINTS AND AUTHORITIES

Mr. Alvarado-Escalante, defendant in the above-entitled case, hereby moves for an order requiring the government to comply with the following discovery requests:

(1) Statements. All written and oral statements made by defendant. This request includes, but is not limited to, any rough notes, records, transcripts or other documents and tapes in which statements of defendants are contained. The substance of statements the government intends to

introduce are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland.

(2) Documents, statements, reports, tangible evidence. Production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland and United States v. Agurs, 96 S. Ct 2392 (1976).

(3) Prior record/other act evidence. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404 (b) and 609. This request also includes defendant's "rap" sheet and/or NCIC computer check on defendant.

(4) Seized evidence. All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16 (a)(1)(C).

(5) Agent's reports, notes, memos. All arrest reports, investigator's notes memos from arresting officers, sworn statements, and prosecution reports pertaining to defendant. These reports are available under Fed. R. Crim. P. 16(a)(1)(B) and (C); and Fed. R. Crim. P. 26.2 ahnd 12(I). This request includes affidavits in support of search warrants and the lists of items seized in the execution of any search warrant. In addition, any witness interview notes that could be considered to be statements attributable to the witness are requested. See Goldberg v. United States, 96 S. Ct. 1338 (1976).

(6) Other documents/tangible objects. All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to defendant defense or intended for use in the government's case-in-chief or were obtained from or belong to defendant. Specifically requested also are all documents, items and other information seized pursuant to any search. This is available under Brady and Fed. R. Crim. P. 16(a)(1)(C).

(7) Bias of government witnesses. Any evidence that any prospective government witness is biased or prejudiced against defendant or has a motive to falsify or distort his/her testimony.

See Pennsylvania v. Ritchie, 480 U.S. 39 (1987): United States v. Striffler, 851 F. 2d 1197 (9th Cir 1988).

(8) Prior record/other acts of government witnesses. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See F.R.E. Rule 608(b) and Brady.

(9) Investigation of witnesses. Any evidence that any prospective witness is under investigation y federal, state or local authorities for any criminal or official misconduct. United States v. Chitty, 760 F 2d 425 (2d Cir), 474 U.S. 945 (1985)

(10) Evidence regarding ability to testify. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Snifler, 851 F 2d 1179 (9th Cir. 1988) Chavis v. North Carolina, 637 F 2d 213, 224 (4th Cir. 1980): United States v. Butler, 567 F 2d 885 (9th Cir. 1978).

(11) Personnel files. It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7)-(10) above and determine whether there is any impeaching information contained in the files. See United States v. Henthorn, 937 F 2d 29 (9th Cir. 1991).

(12) Government Witnesses. The name and last known address of each prospective government witness. See United States v. Neap, 834 F 2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F 2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective): United States v. Cook, 608 F 2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(13) Other witnesses. The name and last known address of every witness to the alleged offenses (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadef, 727 F 2d 1469 (9th Cir. 1984).

(14) Favorable testimony. The name of any witness who made an arguably favorable

statement concerning defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F. 2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F. 2d 213, 223 (4th Cir, 1980); James v, Jag, 575 F 2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F. 2d 785 (5th Cir. 1975).

(15) Specific inquiries of agents. It is requested that the government make specific inquire of each government agent connected to the case for the information requested in Paragraphs 12-14. United States v. Jackson, 780 F 2d 1305 (6th Cir. 1986); United States v. Butler, 567 F 2d 885, 889 (9th Cir. 1978)

(16) Rule 26.2 Material/Timing of production. It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial of motion hearings so as to avoid unnecessary delay prior to cross examination.

(17) Experts/resumes. The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

(18) Expert's reports and summaries. Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16(a)(1)(D). In additions, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703 or 705. As required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the bases and the reasons therefore and the witnesses' qualifications. See Fed. R. Crim. P. 16(a)(1)(E) (added December 1, 1993).

(19) Confidential Informant(s) and related information. It is requested that the government reveal the identify of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding any promises made to the CI and the information provided by the CI.

(20) Promises made or "deals" with governments witnesses. Under Giglio v. United States, 405 U.S. 150 (1972), the government must provide all promises of consideration given the witnesses. See also United States v. Shaffer, 789 F 2d 682 (9th Cir. 1986).

(21) Minutes of Gran Jury Proceedings. Productions of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment. See Rule 6(b)-(d).

(22) Grand Jury Transcripts. All grand jury transcripts are requested in accordance with Rule 6.

(23) Statements by Government of Refusal to Provide. If the government has any of the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense. Defendant requests a statement as to the existence of the items and the refusal to provide them.

Dated: May 7, 2008 Respectfully submitted,

S/FELIPE D. HUESO
FELIPE D. HUESO
Attorney for Defendant
Edwin Alvarado